J. S10019/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEITH KINARD, :
:
Appellant : No. 3019 EDA 2015

Appeal from the Judgment of Sentence September 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013967-2014

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 28, 2017**

Appellant, Keith Kinard, appeals from the September 3, 2015 Judgment of Sentence entered by the Philadelphia Court of Common Pleas. After careful review, we affirm.

We summarize the relevant factual and procedural history as follows. On November 11, 2014, Philadelphia Police received information that Appellant, who had an outstanding arrest warrant, was located at 1700 North Hollywood Street, Philadelphia, PA. Multiple officers responded to the call, located Appellant, and placed him under arrest. During a search incident to that arrest, officers recovered a .32 caliber revolver from Appellant's fanny pack. Appellant was charged with Possession of a Firearm by a Person Prohibited, Possession of a Firearm with Manufacturer Number

Altered, Firearms not to be Carried Without a License, and Carrying Firearms on Public Streets or Public Property in Philadelphia.[1]

Appellant elected to proceed by way of a jury trial, which the trial court bifurcated. On June 26, 2015, the jury found Appellant guilty of Firearms not to be Carried Without a License, and Carrying Firearms on Public Streets or Public Property in Philadelphia. The parties stipulated that Appellant had a prior predicate conviction and, after due deliberations, the jury found Appellant guilty of Possession of a Firearm by a Person Prohibited. The Commonwealth *nolle prossed* the charge of Possession of a Firearm with Manufacturer Number Altered.

On September 3, 2015, the trial court sentenced Appellant to an aggregate term of 9 to 19 years of imprisonment. At the close of Appellant's sentencing hearing, Appellant made three separate profanity laced statements in which he insulted the trial court. After each statement, the trial court found Appellant guilty of Criminal Contempt, and sentenced Appellant to a term of 60 to 120 days for each outburst, each consecutive to all other sentences.[2] Thus, the trial court imposed an aggregate sentence on all charges of 9½ to 20 years of imprisonment.

---

[1] 18 Pa.S.C. §§ 6105(a)(1), 6110.2(a), 6106(a)(1), and 6108, respectively.

[2] In its 1925(a) Opinion, the trial court raised, *sua sponte*, concerns that it had imposed illegal sentences on the Criminal Contempt charges. The trial court erroneously states that a sentence for criminal contempt cannot exceed 90 days of imprisonment, and that, therefore, Appellant's sentences

Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue for our review.

> Did not the trial court err by overruling defense counsel's objection, as well as counsel's request for a curative instruction, to improper and prejudicial remarks made by the prosecutor during the Commonwealth's closing argument in so much as the prosecutor's statements violated due process by improperly impugning the trial strategy of the defense and the character of defense counsel, all of which went beyond the bounds of fair advocacy and deprived [A]ppellant of his federal and state constitutional rights to due process, a fair and impartial jury, and a fair trial?

Appellant's Brief at 3.

Appellant's issue involves allegations of prosecutorial misconduct during closing arguments, resulting in a due process violation. "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (citation and quotation marks omitted). As our Supreme Court has explained, "the Due Process Clause is not a code of ethics for prosecutors; its concern is with the manner in which persons are deprived of their liberty. The touchstone is the fairness

---

of 60 to 120 days of imprisonment are illegal. Trial Court Opinion, filed 3/21/16, at 9-11. There is no statutory maximum sentence for direct criminal contempt in Pennsylvania. *Commonwealth v. Snyder*, 275 A.2d 312, 317 (Pa. 1971). We, therefore, leave Appellant's Judgment of Sentence undisturbed.

of the trial, not the culpability of the prosecutor." ***Commonwealth v. Cox***, 983 A.2d 666, 685 (Pa. 2009) (citations and quotation omitted).

"[P]rosecutorial misconduct does not take place unless the 'unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility towards the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict.'" ***Commonwealth v. Holley***, 945 A.2d 241, 250 (Pa. Super. 2008) (quoting ***Commonwealth v. Paddy***, 800 A.2d 294, 316 (Pa. 2002)). "In reviewing a claim of improper prosecutorial comment, our standard of review is whether the trial court abused its discretion." ***Commonwealth v. Noel***, 53 A.3d 848, 858 (Pa. Super. 2012). When considering such a contention, "our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one, because not every inappropriate remark by a prosecutor constitutes reversible error." ***Id.*** at 858 (citing ***Commonwealth v. Lewis***, 39 A.3d 341, 352 (Pa. Super. 2012)).

Moreover, "[i]n determining whether the prosecutor engaged in misconduct, we must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing." ***Commonwealth v. Hogentogler***, 53 A.3d 866, 878 (Pa. Super. 2012); ***see also Commonwealth v. Carson***, 913 A.2d 220, 236 (Pa. 2006) (stating that a prosecutor is entitled to fairly respond to arguments made by

defense counsel in closing argument). In fact, "comments by a prosecutor, which would otherwise be in error, have been held not to be erroneous if made in response to a defense argument." ***Commonwealth v. Brown***, 673 A.2d 975, 981 (Pa. Super. 1996) (collecting cases).

Finally, it is the defendant himself who is entitled to a fair trial; our courts are reluctant to find prosecutorial misconduct that rises to the level of a due process violation where the prosecutor's comments are directed at defense counsel and not the defendant. ***See Commonwealth v. LaCava***, 666 A.2d 221, 233 (Pa. 1995) (finding no prosecutorial misconduct where prosecutor's comments suggested that defense counsel improperly coached a witness because "defense counsel was not on trial, appellant was."); ***see also Commonwealth v. Faulkner***, 595 A.2d 28, 39 (Pa. 1991) (finding that the trial court did not err in finding no prejudice to the defendant based on prosecutor's comments that defense counsel was "stupid" and "outrageous"). ***But see Commonwealth v. Culver***, 51 A.3d 866, 875-76 (Pa. Super. 2012) (finding that the trial court did not abuse its discretion in granting a new trial based on prosecutor's behavior including, *inter alia*, repeatedly yelling, gesturing menacingly, and putting his finger in the face of the defendant and defense counsel during opening and closing arguments).

In the instant case, Samuel Haaz, Esquire, attorney for the Commonwealth, made the following remarks during his closing argument.

> **MR. HAAZ**: In this case, a gun was recovered in front of eight police officers and a sergeant in broad daylight from the

defendant's fanny pack. I mean, how much is DNA or fingerprints really going to help that, if you believe the police officers or you think they're completely making it up?

[Defense counsel,] Ms. McKenna, you know -- Ms. McKenna is an excellent attorney, and she did a great job on this case. She has a job to do --

**MS. MCKENNA**: Objection.

**MR. HAAZ**: -- and her job is not the same –

**THE COURT**: Excuse me one second. What's the basis for the objection?

**MS. MCKENNA**: Can we see Your Honor at sidebar?

**THE COURT**: Do you want me to instruct the jury you did not do a great job on your case?

**MS. MCKENNA**: No, Your Honor.

**THE COURT**: All right. We'll go to sidebar for a moment. Just one second. We'll be right back.

- - -

(Whereupon a discussion was held at sidebar.)[3]

- - -

**THE COURT**: All right. So, Mr. Haaz, it's still your turn.

**MR. HAAZ**: Thank you, Your Honor.

---

[3] It its 1925(a) Opinion, the trial court avers that Appellant waived his claim because "there is no evidence that [Appellant] made an objection or asked for a curative instruction to that portion of the closing argument[.]" Trial Court Opinion at 4. However, our review of the record shows that defense counsel objected to the prosecutor's comments during arguments, and then renewed the objection at the close of argument and requested a curative instruction. *See* N.T., Closing Arguments, 6/25/15, at 17; N.T., 6/25/15, at 37-39.

My point was that Ms. McKenna's job is different than your job. Ms. McKenna's job is to zealously represent her client and she's done that. Her job is to look at all of the evidence and try to look at it in a way that helps the person she's working for, which is her client, but your job is to look at the evidence and seek the truth, to listen to all of the testimony that you heard, look at the firearm, consider the prison tape [of Appellant's phone call to an aunt]. Look at everything that came out of the jury box and really think about what really happened that day. Did the defendant really possess a gun that day? And I submit that when you do that, you'll reach a verdict of guilty.

N.T., Closing Arguments, 6/25/15, at 17-18.

Appellant argues that these comments "maligned the defense strategy and in particular defense counsel's veracity" and, therefore, prejudiced Appellant because "[i]f the jury accepted the Commonwealth's representation, that defense counsel was hiding the truth, [A]ppellant was denied his right to a fair trial." Appellant's Brief at 11-12. For the following reasons, we conclude that Appellant is not entitled to relief.

Initially we note that, other than the most cursory averment, Appellant does not develop any argument that the prosecutor's comments prejudiced him personally. Like the defendant in *LaCava*, the substance of Appellant's claim is his averment that the prosecutor's statements maligned defense counsel, not the defendant. *LaCava, supra* at 233. As "defense counsel

was not on trial," we might conclude that Appellant is not entitled to relief on this basis alone.[4] *Id.*

More importantly, it is clear from the record of closing arguments as a whole that Mr. Haaz's comments were a fair response to defense counsel's own arguments. Trial Court Opinion at 6 (Mr. Haaz's remarks were "not that removed from defense counsel's comment during her closing[.]"). In defense counsel's closing, Ms. McKenna argued:

> [The police] think they can come in here and take that stand and tell you any story that they want and you will just believe them. But that's not what you're here to do. You're not here to take their testimony at face value and simply believe it. You're here to use a critical eye and evaluate what they're saying. And that's what I'm asking you to do, look for corroboration. They didn't take any pictures of this. They didn't take any videos. Everyone has a camera on their phone. They didn't use it. They didn't talk to any other witnesses. They didn't even fingerprint the gun. Well, that would clear things up; wouldn't it? And they didn't do it.
>
> Mr. Haaz is going to sit here and tell you, well, they didn't have to, they didn't have to. They recovered [the gun] from [Appellant's] person so it's not a question. They didn't have to do it; but that's not [Mr. Haaz's] determination to make, it's yours. It's up to you whether that's good enough. It's up to you whether you require more to get beyond a reasonable doubt.

N.T., Closing Arguments, 6/25/15, at 6-7.

Defense counsel's own comments urged the jury to independently and critically evaluate the evidence presented, suggesting that the police officers

---

[4] In addition we note that, as the trial court reasoned, "[the prosecutor's] remark was simply a fair comment on the responsibilities of counsel and the jury during a trial." Trial Court Opinion at 6.

who testified were just telling stories and that Mr. Haaz would soon urge them to convict based on faulty evidence. *Id.* Mr. Haaz's statements were a proper response in which he agreed with defense counsel that the jury should consider the evidence presented rather than the arguments of counsel. We, therefore, conclude that the trial court did not abuse its discretion in finding that Appellant's claim of prosecutorial conduct is without merit.

Judgment of Sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017